**UNITED STATES of America, Appellee**

v.

**Max OBUSZEWSKI, Appellant.**

Nos. 07–3010, 07–3011, 07–3017, 07–3018.

United States Court of Appeals,
District of Columbia Circuit.

June 5, 2009.

Before: SENTELLE, Chief Judge, and GINSBURG, Circuit Judge, and RANDOLPH, Senior Circuit Judge.

### *JUDGMENT*

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by the parties. Upon consideration of the foregoing, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Appellants were arrested for demonstrating without a permit on the White House sidewalk in violation of National Park Service regulation 36 C.F.R.

§ 7.96(g). *See* 16 U.S.C. § 3. On December 21, 2005, after a one-day bench trial before United States Magistrate Judge John M. Facciola, they were convicted and fined $75 each. They appealed their convictions to the United States District Court for the District of Columbia pursuant to Fed.R.Crim.P. 58(b)(2), (g)(2); 18 U.S.C. §§ 19, 3559(a). The district court affirmed their convictions.

■ Appellants raise three arguments, each of which they failed to raise at trial and have therefore forfeited. *See* Fed. R.Crim.P. 51(b). "Ordinarily an objection not made [to the trial court] is reviewable on appeal only for plain error." *United States v. Tann*, 532 F.3d 868, 872 (D.C.Cir. 2008); *see* Fed.R.Crim.P. 52(b). They first argue that 36 C.F.R. § 7.96(g) is facially unconstitutional because imposing strict liability on any person demonstrating without a permit abridges free speech. *See Smith v. California*, 361 U.S. 147, 151, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). In a companion case, we exercised our discretion to consider this argument and determined that 36 C.F.R. § 7.96(g) did not establish strict liability but rather contained a *"mens rea* element" requiring "knowledge and intent" to demonstrate without a permit. *United States v. Sheehan*, 512 F.3d 621, 630 (D.C.Cir.2008). Even if we were to consider the forfeited argument de novo here, we could not overrule *Sheehan*. *See LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C.Cir.1996) (en banc).

■ Appellants also claim that the government failed to present sufficient evidence such that a reasonable factfinder could find beyond a reasonable doubt that appellants were "demonstrating" within the meaning of 36 C.F.R. § 7.96(g) or that they had the requisite knowledge and intent to demonstrate without a permit. "When reviewing a sufficiency-of-the-evidence challenge for plain error, we reverse only to prevent a manifest miscarriage of justice." *United States v. Spinner*, 152 F.3d 950, 956 (D.C.Cir.1998) (quotation omitted).

Even if our review were de novo, we would find that the evidence, viewed in the light most favorable to the government, was sufficient. Under 36 C.F.R. § 7.96(g), "demonstrations" are "conduct which involve[s] the communication or expression of views or grievances ... the conduct of which has the effect, intent or propensity to draw a crowd of onlookers." Appellants' advisory counsel explicitly conceded that they were demonstrating, and appellants themselves stipulated that they were part of the group engaging in a protest on the White House sidewalk. Appellants do not even deny that they were demonstrating; they simply point out that the government did not produce individualized evidence that each of them demonstrated within the meaning of 36 C.F.R. § 7.96(g). Nonetheless, a reasonable factfinder could conclude that each appellant was demonstrating in light of the facts that appellants intentionally joined a large group of protestors and remained on the White House sidewalk with the group in defiance of police orders.

With respect to intent, the government introduced evidence showing that appellants intended to engage in "civil disobedience" and that the protest leaders told the group of protesters that they would likely be arrested if they congregated on the White House sidewalk. Three of the appellants also conceded that they heard the police warnings that they were in violation of "applicable regulations" and would be arrested, while the fourth, Obuszewski, said only that he could not recall whether he heard the warnings, which were amplified and repeated four times at regular intervals. A reasonable factfinder could have found that appellants knew they were

demonstrating without a permit and intentionally demonstrated on the White House sidewalk in order to engage in "civil disobedience" and to provoke arrest.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.